Baldwin, J.
The object of the act of the 5th of February 1828, Supp. Rev. Code 265, was in actions on writings not under seal, to relieve the plaintiff, not absolutely, but conditionally, from the necessity of proving at the trial the genuineness of the instrument on which the action is founded. The mischief to be remedied was, that the plaintiff was often delayed, and sometimes surprised, by advantage being taken of the mere absence at the trial of proof on that point. The remedy provided, was to authorize the plaintiff, by a direct and special averment in his declaration, to call upon the defendant for a denial of the fact before the trial, not by a special plea, but by an affidavit, to be filed with his general plea; and in the absence of such affidavit, to dispense with proof of the fact, and prevent it from being questioned.
In actions founded directly upon specialties, the plaintiff in his declaration avers that the obligation, (of which profert is made,) was sealed by the defendant with his seal, which averment can only be denied by a plea of non est factum, verified by affidavit. That plea puts in issue the due execution, and common law validity of the instrument, and nothing more. But in actions, upon written simple contracts, nearly all defences which go to the merits may be made under the general issue, and the declaration usually avers generally the making of the instrument by the defendant, without specifying that it was subscribed by him.
It was not the purpose of the statute in question to narrow the defence under the general issue; but, in regard to a particular matter, to require notice of the defence, and some security against its being frivolous or vexatious. It therefore precludes the defendant from controverting the genuineness of the instrument, unless *445 he denies it by an affidavit with his plea. This it might have done, without requiring the plaintiff’s declaration to be special beyond the usual form of declaring, if it had intended the provision to be general and unconditional. But such was not the intent. The object was to give the plaintiff the privilege, if he chose to exercise it, of calling upon the defendant to deny by affidavit, or waive the denial of the genuineness of the instrument.
Now, the genuineness of the instrument, imports that it was made and signed by the person by whom it purports to have been made and signed. It was therefore proper to require the plaintiff, if he desires to obtain the benefit of the statute, to aver the signing as well as the making of the instrument. And this enables the defendant, if he does not waive, to insist upon, the particular ground of defence without ambiguity, by a denial in his affidavit of the precise averment in the declaration, to wit: that the paper was made and signed by the person by whom it purports to have been made and signed.
The whole purpose of the statute is accomplished by permitting the paper to go in evidence to the jury, for as much as it is worth upon its face, without proof of the handwriting, or other evidence of its formal execution. The defendant is at liberty to make any other defence, as fully as if the statute had never been made; and if the paper does not purport to have been signed by the defendant, but by some other person, he may disprove, or call for proof, of the authority of that person to bind him by such an instrument.
The statute, if not in its terms, is in its spirit applicable to partnership instruments, as well as to those executed by persons in their individual character; but the effect of its application may be different. As to individuals, if capable of contracting at all, the authority to bind themselves is unquestionable : and therefore, when an instrument, purporting to have been made and signed *446 by a person in his individual character, is treated as ge- . . . . . nuine, no question can arise upon a want of authority. So, when an instrument purports to have been made and signed by and under the name of a firm, and is treated as genuine, it must be regarded as made and signed by some person professing to have authority to make and sign it: and if the declaration charges it to have been made and signed by and under the nape of the firm, the proof of handwriting, or other evidence of formal execution, is dispensed with by the statute. But as the partnership is an artificial person, composed of individuals, the question still remains, whether the individuals sought to be charged are members of the firm; a matter which does not always, and indeed seldom does, appear upon the face of the instrument. As to the person who, professing to be a partner, makes and signs the instrument in the name of the firm, he is concluded by his act, and must be treated as a partner; but as to others sought to be charged as members of the firm, it is a question of authority, whether the person who made and signed the instrument, could bind them by his act'. If he was not a partner, he had no such authority ; and so if he was, but they were not members of the firm.
In the present case, there was no question at the trial about the genuineness of the note upon which the action is founded. There was no call for proof of the handwriting, or other evidence of the formal execution of the instrument, nor any objection taken to the want of any such evidence. On the contrary, it is expressly stated in the bill of exceptions, that the note was executed by the defendant Hunter, in the absence of the other defendants. The case turned not upon the genuineness of the note, but the authority by which it was executed. Evidence was given tending to prove, that when the note was executed by the defendant Hunter, in the name of the firm, the partnership which had existed among the defendants, as alleged in the declara *447 tion, had been dissolved more than a year, and that the plaintiffs, and their clerk and agent, who took the note, had notice and knew of the dissolution at and before the time when the note was executed. The defendants thereupon moved the Court to instruct the jury, that if they believed those facts to be proved, and that the defendant Hunter had not been authorized by the other defendants to execute the note, then that the action could not be sustained. But the Court refused to give the instruction, “ because the defendants had not filed with their plea the affidavit mentioned in the act of the 5th of February 1838, entitled “ an act dispensing with the proof of handwriting in certain cases.”
It seems to me that the Circuit Court misapprehended the nature of the affidavit required by the statute. It does not require an affidavit that the plaintiff has no cause of action, or that the defendant did not make the alleged contract, or that the contract is not binding upon him; but that he did not make and sign the paper writing described in the declaration; leaving the writing itself, when admitted or proved, open to all legal objections ; whether appearing upon its face, or from the want of the necessary supplemental evidence, or as established by extrinsic evidence.
I think the Court was, moreover, mistaken, in supposing that the statute requires an affidavit absolutely, instead of conditionally only. The express terms of the statute, as well as its true spirit and meaning, prescribe, as a preliminary, that the declaration shall allege not only that the writing was made, but that it was signed, by the party sought to be charged. And in the present case, there was not only no averment that the instrument was signed by the defendants individually, but none that it was signed by them, or any of them, with the name of the firm. The statute had, therefore, no application whatever to the case ; and it is not pretended that the decision of the Court is justified by the principles of the common law.
*448 The act of the 19th of March 1839, “to provide for the revival of suits, and to remedy defects in judgments in certain cases,” Sess. Acts 1839, p. 42, 43, <§. 4, I regat'd as altogether foreign from the subject. It applies only to an action brought by a partnership, and dispenses with proof of the component members of the firm, as described in the declaration, unless denied by plea to be verified by affidavit.
My opinion is, that the judgment of the Circuit Court ought to be reversed, the verdict set aside, and the cause remanded for a new trial, with a direction to give the instruction stated in the bill of exceptions, if again asked for, under the like circumstances.
Cabell, P. and Allen, J. concurred in the opinion of Baldwin.
Brooke, J. concurred in the results.
Judgment reversed, verdict set aside, and new trial awarded.